IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES MONROE PERRETTE**                                                             **PLAINTIFF**

**VS.**                         **CIVIL ACTION: 1:17cv102-LG-RHW**

**UNKNOWN SPLICER,** *et al.*                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case came before the Court for a duly noticed *Spears*/omnibus hearing scheduled for Tuesday, February 27, 2018 at 9:30 a.m., before United States Magistrate Judge Robert H. Walker in Courtroom 881 at The United States Courthouse, 2012 15th Street, Gulfport, Mississippi. [20] The docket reflects, and the undersigned finds, that on October 3, 2017, Deputy Clerk Sandra Ryan properly notified James Monroe Perrette of the scheduled hearing by mailing notice thereof to him at South Mississippi Correctional Facility, 3 Bed 58, P.O. Box 1419, Leakesville, MS 39451.[1] The mailed notice of the October 3, 2017 setting has not been returned as undeliverable, and was presumptively received by Perrette. The docket contains the acknowledgment by South Mississippi Correctional Facility (SMCI) that the writ of habeas corpus ad testificandum mailed to the prison on October 3, 2017 was received. [22] SMCI advised Deputy Clerk Ryan on November 22, 2017 that Perrette was scheduled to be paroled December 5, 2017. Perrette has filed no change of address since his release from prison.

Perrette filed this lawsuit on April 7, 2017, and the Court has repeatedly warned him that his failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit. See Orders [3], [6] and [7]. However, when the

---

[1]This has been Plaintiff's address since July 28, 2017, and remains his address of record on the docket of this case as of the date of this Report and Recommendation. [9]

Court convened for the scheduled hearing, noticed over four months ago, Perrette failed to appear as ordered. The undersigned called Perrette's name three times in the courtroom and received no response. Deputy Ryan went into the hallway outside the courtroom and called Perrette's name three times and received no response. Defense Counsel James H. Colmer was present for the hearing at the appointed time, and remained until Court adjourned approximately one hour after the scheduled hearing time.

## RECOMMENDATION

The undersigned recommends that this case be dismissed due to Plaintiff's failure to comply with the Court's order to appear for the *Spears*/omnibus hearing on February 27, 2018.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 27th day of February, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE